**ROBINSON BROG LEINWAND GREENE**        <u>**HEARING DATE**</u>
   **GENOVESE & GLUCK P.C.**       **February 11, 2015 at 10:00 a.m.**
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
*Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                    Chapter 11

**TRIPLANET PARTNERS, LLC,**            Case No: 14-22643 (RDD)

                            Debtor.
-----------------------------------------------------------X

### DEBTOR'S MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

       TriPlanet Partners, LLC, the debtor and debtor in possession (the "Debtor"), by its attorneys Robinson Brog Leinwand Greene Genovese & Gluck P.C., seeks the entry of an order, a proposed form of which is annexed to this application as **<u>Exhibit A</u>**, pursuant to Section 1121 of Title 11 of the United States Code (the "Bankruptcy Code") extending the time within which the Debtor has the exclusive right to file a plan of reorganization for 120 days and through and including May 5, 2015, and extending the time within which the Debtor has to solicit acceptances with respect thereto for 120 days through and including July 6, 2015. In support thereof, the Debtor states:

{00707393.DOCX;5 }

## JURISDICTION AND VENUE

1. Jurisdiction over this motion is vested in the United States District Court for this District pursuant to 28 U.S.C. §§ 157 and 1334.  This motion has been referred to this Court for consideration pursuant to section 157 of the Judicial Code and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicate for the relief sought is section 1121 of the Bankruptcy Code.

3. Venue is proper in this District pursuant to 28 U.S.C §§ 1408 and 1409.

## BACKGROUND

4. On May 8, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").  The Debtor is continuing to operate its business and manage its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  By order dated July 3, 2014, Joshua Rizack was appointed chief restructuring officer for the Debtor.

5. The Debtor is an international management consulting firm to the financial services industry that delivers expert solutions in business performance and transformation across the finance, risk, treasury and technology functions.  The Debtor has offices in White Plains, New York and Tunis, Tunisia.

6. No trustee or examiner has been appointed in this case, and no official committee of unsecured creditors or security holders has been appointed or designated.

7. By order of this Court entered on September 25, 2014, the Debtor's exclusive right to file a plan of reorganization was extended to January 5, 2015, and its exclusive right to

solicit acceptances to any plan filed on or before January 5, 2015 was extended to March 6, 2015.

### RELIEF REQUESTED

8.  Pursuant to section 1121(b) of the Bankruptcy Code, the Debtor has the exclusive right to file a plan of reorganization during the first 120 days following the Petition Date (the "Exclusivity Period"). In addition, pursuant to section 1121(c)(3) of the Bankruptcy Code, the Debtor is given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for one hundred eighty (180) days following the Petition Date (the "Acceptance Period," together with the Exclusivity Period, the "Exclusive Periods"). Pursuant to section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods.

9.  By order dated September 25, 2014 (the "Initial Exclusivity Order"), the Debtor was granted a previous extension of its Exclusive Periods. As a result of the Initial Exclusivity Order, the current Exclusivity Period and Acceptance Period currently expire on January 5, 2015 and March 6, 2015, respectively. The filing of a motion pursuant to section 1121(d) prior to the expiration of the Exclusive Periods tolls the deadline pending resolution of such motion. See 11 U.S.C. § 1121(d)(1) ("[s]ubject to paragraph (2), on request of a party in interest made *within* the respective periods specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120 day period or the 180 day period referred to in this section.") (emphasis added).

10. This is the Debtor's second request for an extension of the Exclusive Periods. The Debtor seeks the entry of an order: (i) extending the Exclusivity Period for 120 days to and including May 5, 2015, and (ii) extending the Acceptance Period for 120 days to and including

July 6, 2015, to ensure that this Court, the Debtor and other parties in interest are not distracted by the filing of any competing or premature plans.

11.   The Debtor submits it should be granted the requested extensions of the Exclusive Periods so that it will have sufficient time to formulate and confirm a plan of reorganization.

### CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS

12.   The Debtor's Exclusive Periods may be extended by this Court for "cause" pursuant to section 1121(d) of the Bankruptcy Code.

13.   The moving party bears the burden of establishing that cause exists for an extension of exclusivity under Section 1121(d) of the Bankruptcy Code. In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y., 1987). Whether cause exists to extend a debtor's exclusive period is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See, e.g., In re Adelphia Commc'ns Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), First American Bank of New York v. Southwest Gloves and Safety Equipment, Inc., 64 B.R. 963, 965 (D. Del. 1986); Texaco, 76 B.R. at 325; In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1987); In re Tony Downs Foods Co., 34 B.R. 405, 407 (Bankr. D. Minn. 1983). Bankruptcy courts exercise broad flexibility in making such determinations. See, H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); See also In re Perkins, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of [section 1121(d)] is flexibility").

14.   Bankruptcy courts generally focus on nine factors to determine whether a motion to extend exclusivity pursuant to section 1121(d) of the Bankruptcy Code should be granted:

    (a)    the size and complexity of the case;
    (b)    the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
    (c)    the existence of good faith progress toward reorganization;

(d) the fact that the debtor is paying its bills as they become due;
(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f) whether the debtor has made progress in negotiations with its creditors;
(g) the amount of time which has elapsed in the case;
(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
(i) whether an unresolved contingency exists.

In re Adelphia, 352 B.R. at 857.

15. This Court should be cognizant that this is only the Debtor's second request for an extension of its Exclusive Periods. The Debtor submits that the above factors militate towards granting the relief requested.

16. The Debtor has been in bankruptcy for approximately 8 months. During this period of time, the Debtor has been diligently pressing its case forward. In order to do so, the Debtor first had to demonstrate that it was entitled to remain in Chapter 11. On June 6, 2014, Benjamin Roberts ("Roberts") — a former employee of the Debtor and one of its primary creditors who filed a claim in excess of $20 million (the "Roberts Claim") — filed a motion to dismiss the Debtor's bankruptcy case, or alternatively, for relief from the automatic stay (the "Dismissal Motion"). The Debtor spent a significant amount of time responding to the Dismissal Motion and Roberts' discovery requests. By order of the Court dated November 24, 2014, the Court denied the Dismissal Motion.

17. Both prior to and after entry of the order denying the Dismissal Motion, the Debtor has been analyzing claims that it may assert in order to recover assets that may be distributed to its creditors under a plan in accordance with their respective priorities under the Bankruptcy Code.

18. The first step in this process was the commencement of an adversary proceeding

against Moez Bennaceur ("Moez") to avoid and recover certain fraudulent transfers or the value thereof for the benefit of the Debtor's estate, including, but not limited to, the proceeds that were used to purchase an apartment located at 402 West Broadway, 4th Floor, New York, New York (the "Apartment").  The adversary proceeding resulted in a settlement with Moez (the "Settlement"), whereby Moez agreed to settle all claims asserted against him in the complaint in exchange for transferring the Apartment to the Debtor (subject to any liens, claims and encumbrances), and the waiver of the right to file a proof of claim or interest in this case.

19.    The filing of the adversary proceeding and resulting Settlement proved to be a heavily contested matter.  Roberts filed, among other things, (a) an objection to the Debtor's 9019 motion to approve the Settlement and (b) a corresponding motion to intervene in the adversary proceeding.  The Debtor filed responsive papers in support of the Settlement (including a declaration from the Debtor's accountant, Ira Spiegel of EisnerAmper LLP) and opposed Roberts' intervention motion.  Ultimately, the Debtor's Settlement with Moez was approved by order of the Court dated November 24, 2014 (the "Settlement Approval Order") and by separate order, the intervention motion was denied as moot.

20.    As a result of the Settlement Approval Order, the Debtor will be seeking approval from Judge Deborah A. Batts, United States District Court Judge for the Southern District of New York, to transfer the Apartment to the Debtor (subject to any liens, claims and encumbrances) so it can be sold, with the sales proceeds to be held in escrow pending further order of this Court, and with all liens, claims and encumbrances, including ownership interests (except Moez's), attaching to the sale proceeds of the Apartment to the same extent as previously asserted against the Apartment.  It is expected that the sales proceeds from this sale will be used

to help fund payments to creditors under a proposed plan of reorganization.

21. While dealing with the multiple litigations with Roberts, the Debtor has also been actively seeking to procure new business so that it can continue to operate postpetition and upon exit from bankruptcy. To further these goals, the Debtor's manager, Sophien Bennaceur, has been meeting with potential business contacts for new business opportunities. In order to fund the Debtor's postpetition operating costs, the Debtor also anticipates filing a DIP financing motion shortly, so that it can pay postpetition expenses on an ongoing basis.

22. In order to propose a viable plan, the Debtor needs to have the amount of the Roberts Claim determined by this Court. In order for the Court to make that determination, Mr. Spiegel reviewed and analyzed the Roberts Claim. Debtor's counsel (along with Mr. Spiegel) met with Roberts' counsel in an attempt to resolve the Roberts Claim. Despite good faith efforts, no settlement was reached. As a result, the Debtor filed an objection to the Roberts Claim, which is scheduled to be heard on January 27, 2015. This Court's determination of the Roberts Claim will allow the Debtor to more easily determine the terms of a proposed plan of reorganization.

23. These matters have occupied the Debtor's time and efforts, hampering its ability to move towards the formulation of a plan of reorganization and the Debtor therefore requests a 120 day extension to its exclusive period to file a plan of reorganization to preserve its exclusive rights until it is able to formulate a more comprehensive plan and exit strategy.

24. While the Debtor's case is not overly large and complex, it does involve certain obstacles which must be resolved in order for the Debtor to be in a position to propose a confirmable plan that maximizes recovery to all creditors.

{00707393.DOCX;5 }{00707393.DOCX;5 }{00707393.DOCX;5 }

7

25. The Debtor submits that in light of the instant facts and circumstances, good cause exists to extend the Exclusive Periods. The Debtor believes that the requested extensions will promote the orderly reorganization of the Debtor without the need to devote unnecessary time, money and energy to defending against or responding to a competing plan.

26. The Debtor has served this application on the Office of the United States Trustee, the holders of twenty largest unsecured claims, and all parties who have filed notices of appearance in this case. The Debtor submits that such service be deemed appropriate and sufficient under the circumstances.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief sought in this motion and enter an order pursuant to Sections 1121(b), (c)(3) and (d) of the Bankruptcy Code: (i) extending the Debtor's exclusive right to file a plan of reorganization to and including May 5, 2015; (ii) and in the event that the Debtor files a plan of reorganization prior to May 5, 2015, extending the Debtor's right to solicit acceptances with respect thereto to and including July 6, 2015; and (iii) granting to the Debtor such other and further relief as may be just and appropriate.

**Dated:** New York, New York
December 30, 2014

**ROBINSON BROG LEINWAND
 GREENE GENOVESE & GLUCK P.C.**
Attorneys for the Debtor
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300

By: /s/ A. Mitchell Greene
**A. Mitchell Greene**